## IN RE GEORGE TILGHMAN.

1. INTOXICATING LIQUORS—APPLICATION FOR LICENSE—REMONSTRANCE—
SUFFICIENCY.

A remonstrance to an application for a license to sell intoxicating liquor is sufficient, though it merely charges that the applicant is not a proper person to hold a liquor license, for when an applicant represents himself to be a proper person to engage in the liquor business he should at all times be prepared to support his petition by showing that he is.

2. INTOXICATING LIQUORS—APPLICATIONS FOR LICENSE—REMONSTRANCE—
PARTICULARITY.

The offense of permitting disorderly, riotous and lewd conduct in a place where intoxicating liquors are sold is a continuing one, and proof thereof need not be confined to any specific time or act; hence a remonstrance to the granting of an application for a license on the ground of permitting such conduct on the premises need not specify the particular acts.

3. INTOXICATING LIQUORS—LICENSES—REMONSTRANCE—SUFFICIENCY.

A remonstrance to the granting of an application for a liquor license, on the ground that the applicant permitted gambling on the premises, must aver with particularity the time when the offense was committed; this being a specific charge.

4. INTOXICATING LIQUORS—LICENSES—REMONSTRANCE—SUFFICIENCY.

A remonstrance to the granting of a liquor license, which alleged that the

applicant had permitted his place of business to be the resort of intoxicated persons, habitual drunkards, minors and lewd women, charges a continuing offense, and need not specify any particular time.

5. INTOXICATING LIQUORS—LICENSES—REMONSTRANCE.

A remonstrance to the granting of an application for a liquor license, on the ground that the applicant had sold liquor on Sunday and had made sales to minors and drunkards, should specify the times when the various offenses occurred, as they are specific, and not continuing.

6. INTOXICATING LIQUORS—LICENSES—REMONSTRANCE.

A remonstrance to the granting of an application for a liquor license, which alleged that the remonstrant believed that the certificate and recommendation of the applicant was not read to and by each of the signers, that the signatures to the certificate were not in proper form and the genuine handwriting of each of the signers, and that the applicant's saloon had become a nuisance in the neighborhood and had degraded the colored race, is sufficient.

7. INTOXICATING LIQUORS—LICENSES—REMONSTRANCE.

Where a remonstrance is filed on an application for the granting of a license to sell intoxicating liquors, the remonstrants are not required to give the names of the persons by whom they expect to prove the charges made.

8. INTOXICATING LIQUORS—LICENSE—REMONSTRANCE.

A remonstrance to an application for the granting of a license to sell intoxicating liquors should be made in good faith, and the remonstrants should know or honestly believe that the charges made are true, and that there is a reasonable expectation of being able to prove them.

(*September* 24, 1913.)

PENNEWILL, C. J., and CONRAD and WOOLLEY, J. J., sitting.

*Levin Irving Handy* for applicant.

*Caleb E. Burchenal* for exceptants.

Court of General Sessions, New Castle County, September Term, 1913.

Application of George Tilghman for a license to sell intoxicating liquors at the premises located at 1123 Walnut Street, in the Sixth Ward of the City of Wilmington.

Remonstrance filed, based upon ten reasons, which are set out in the opinion of the court.

Petition by applicant that the court require the remonstrant to specify with greater particularity the grounds alleged in his second, third, fifth and sixth reasons, for the reason that in many instances the same were so general, vague, and lacking in particularity "that your petitioner is unable to learn from said remon-

strance what are the real accusations which he will be required to meet at the hearing on said remonstrance."

The prayers of said petition were as follows:

"Your petitioner therefore prays that this honorable court will require said remonstrant to file in said court the particulars for the following reasons mentioned in said remonstrance, to wit:

"In said second reason to specify when the said applicant permitted or suffered disorderly, riotous and lewd conduct in or about such premises, as alleged.

"In said third reason to specify what person or persons said applicant is alleged to have permitted or suffered to gamble in or about such premises and when said gambling is alleged to have occurred.

"In said fifth reason to specify the date or dates so that it may be known on which Lord's Day, commonly called Sunday, said applicant is alleged to have sold, given away or dispensed intoxicating liquors, and to specify to whom said intoxicating liquors are alleged to have been so sold, given away or dispensed.

"In said sixth reason to specify when the occurrence or occurrences happened and the names of the minors, habitual drunkards and the persons at the time intoxicated to whom said applicant is alleged to have sold, or given away intoxicating liquors, and your petitioner will ever pray."

*Mr. Burchenal*, for the remonstrants, contended that the remonstrance stated the grounds with as much particularity as had ever been required by the court, and to state more would be stating the evidence of the remonstrants for the benefit of the applicant; that the naming of the witnesses might defeat the remonstrants, by making it impossible for them to secure the attendance of said witnesses at the hearing.

Pennewill, C. J., delivering the opinion of the court:

There has been filed in the above-stated case a remonstrance containing the following general allegations, viz.:

"*First.* We are informed and believe that the said applicant is not a proper person as required by law to hold a liquor license.

"*Second.* We are informed and believe that the said appli-

cant has permitted or suffered in or about such premises disorderly, riotous and lewd conduct.

"*Third.* We are informed and believe that the said applicant has permitted or suffered in or about such premises gambling.

"*Fourth.* We are informed and believe that the said applicant has permitted the said place of business of the said applicant to be the resort of intoxicated persons, habitual drunkards, minors and lewd women.

"*Fifth.* We are informed and believe that the said applicant has kept his bar open on the Lord's Day, commonly called Sunday, and has sold, given away or dispensed intoxicating liquors on the said Lord's Day.

"*Sixth.* We are informed and believe that the said applicant has sold or given away intoxicating liquors to minors, habitual drunkards and to persons at the time intoxicated.

"*Seventh.* We are informed and believe that the said applicant conducts his principal place of business for the sale of intoxicating liquors in such a manner that it cannot be seen fully and easily by passers-by; that the view is obstructed by a door and by a high window which thoroughly obstructs a view of the bar of these premises and thereby prevents the police and passers-by from a knowledge of what happens in the said barroom.

"*Eighth.* We are informed and believe that the certificate and recommendation of the said applicant was not read to and by each of the signers thereof.

"*Ninth.* We are informed and believe that the signatures to the said certificate are not in the proper and genuine handwriting of each of the signers thereof.

"*Tenth.* We are informed and believe that the said saloon has become a nuisance in the neighborhood and has degraded the colored race by the practices which are carried on at these premises."

The applicant objects to the generality of said allegations on the ground that they do not sufficiently and reasonably inform him of the charges he is required to meet.

[1] We think that reason No. 1 is sufficient. When an applicant represents himself in his application to be a proper person

Opinion.

to engage in the liquor business, and the granting of the license is resisted on the ground that he is not such proper person, the applicant should at all times be prepared to support his petition in showing that he is.

[2] In respect to reason No. 2, we say that "disorderly, riotous and lewd conduct" must be generally regarded as a continuing offence, and the proof of it should not necessarily be confined to any specific time or act. For that reason we hold said reason to be sufficient.

[3] The third reason charges "gambling" upon the premises, and we think this is a specific charge, and that the remonstrants should aver with greater particularity the time when such offense was committed. At least the time or times at, or about which the gambling occurred should be stated.

[4] We think the fourth reason, which charges "the place of business of the said applicant to be the resort of intoxicated persons, habitual drunkards, minors and lewd women," is substantially the same as No. 2, and hold it to be sufficient for the same reason.

[5] We regard reasons Nos. 5 and 6, charging, respectively, the sale of liquor on Sundays and the sale of liquor to drunkards and minors, as specific charges and in theory the same as the gambling charge in No. 3, and for the same reason are insufficient.

[6] We think reasons Nos. 7, 8, 9 and 10 are sufficient.

[7] Remonstrants are not required to give the names of the persons by whom they expect to prove the charges made. The reasons for this ruling must be obvious.

[8] In regard to remonstrances generally, we say that in our opinion the remonstrance should never be in the nature of a dragnet. On the contrary, the remonstrants, on their signing the same, should know or honestly believe that the charges made are true and that there is a reasonable expectation of being able to prove the same. There should be something more than a suspicion of the act charged or the hope of proving it. Whether any remonstrance is open to such objection or criticism the court will determine in the particular case.